### ERHARDT *v.* BOARO and others.

*(District Court, D. Colorado. 1881.)*

1. MINERAL LANDS—DISCOVERY—ITS VALIDITY.

If the outcrop of a vein or body of mineral-bearing rock is found on the surface, the discoverer has the period of 60 days from the date of the discovery to show that the vein or body of rock is in place at a depth of 10 feet or more from the surface.

2. SAME—NOTICE.

A locator, under a notice containing no specification or description of the territory claimed by him, has a claim only to the very place where the discovery stake was set up.

3. EJECTMENT.

To maintain an action of ejectment it must be shown either (1) that a perfect location has been made, and that there has been dispossession; or (2) that the failure to perfect the location was due to the wrongful act of the defendant.

4. EQUITY.

One cannot take advantage of his own wrong.

*Thomas Macon, H. C. Thatcher,* and *J. M. Semple,* for plaintiff.
*Thomas M. Patterson* and *Julius Thompson,* for defendants.

HALLETT, D. J., *(charging jury.)* 1. The first question for the consideration of the jury is as to the discovery of a lode or vein of silver-bearing ore by Carroll at the place in controversy. It is incumbent on the plaintiff to show, by preponderance of testimony, that such discovery was made. On this point there is the testimony of Carroll as to what he found there, and some evidence on both sides as to the condition of the ground in the locality. The position of the plaintiff is that the lode cropped out at the place, and was clearly disclosed by the slight work with a pick which Carroll testifies to. The position

of the defendants is that there was not on the surface of the ground any indications of a lode, and that it was necessary to make a considerable excavation to reach the lode. They also claim that there was no excavation whatever, such as mentioned by Carroll, at the place in controversy, at and before the time of the location by Boaro. I am requested by plaintiff's counsel to add that it is not essential to the validity of a discovery that the mineral-bearing rock should be found in place. If the outcrop of the vein or body of mineral-bearing rock is found on the surface, the law allows the discoverer the period of 60 days from the date of his discovery for showing the vein or body of mineral-bearing rock to be in place at a depth of 10 feet or more from the surface. That proposition is correct.

The foregoing question, on which the testimony is conflicting, you are to determine, and if, upon that, you find for the plaintiff, you should proceed to the matters hereinafter stated. If, on that point, you find for defendants, your verdict will be for them on that alone, without reference to any other matter.

2. If you find the first point for plaintiff, a further question for your consideration is as to the posting of notice at the point of discovery. It is incumbent on the plaintiff to show, by preponderance of testimony, as before stated, that a notice of the discovery and of the claim of the locator was put up at the point of discovery. Notice in any other form would be as effectual, probably; but as the plaintiff claims that the notice was posted on the claim, it is only necessary to consider whether that method was adopted. Carroll testifies that he posted a notice in his excavation at the point of discovery, and there is some evidence of admissions or declarations by Boaro to the effect that he found a stake there when he went on the ground. The defendants claim that no such notice was posted, and none found there by Boaro when he made his location. This is a controverted question, similar to the first stated, which you are to determine on the evidence. If you find that notice was posted, as testified by Carroll, you should also find that it was sufficient for the purpose for which it was designed, with this modification. It is in evidence, and it seems to be conceded by plaintiff, that the notice on the stake contained no specification or description of the territory claimed by the locators, as that they claimed a number of feet on each side of the discovery, or in any direction therefrom.

In this respect the notice was deficient, and under it the locators could not claim more than the very place in which it was planted. Elsewhere, on the same lode or vein, if it extends beyond the place

in controversy, any other citizen could make a valid location; for this notice, specifying no bounds or limits, cannot be said to have any extent beyond what would be necessary for sinking a shaft.

3. If you find these matters for the plaintiff, a third question for your consideration is whether defendant Boaro, in making the location under which defendants claim, went into the slight excavation made by Carroll and there sunk his own discovery shaft, or run his own cut, making that the basis of defendant's location. If he did so, the plaintiff having then a right to that locality, as before explained, the entry of Boaro was an intrusion into his territory, for which he may maintain this action. But it should appear to you, from the evidence, that Boaro entered at the very place which had been previously taken by Carroll; because, as Carroll's notice failed to specify the territory he wished to take, it could not refer to or embrace any other place than that in which it was planted. Possibly the rule here laid down may be applicable to the case in which a subsequent locator may sink his discovery shaft so near to that of the first locator as to prevent further work by the latter in the development of the claim. But it is not necessary to advert to that matter, for the plaintiff contends that Boaro went into the very place where Carroll made his excavation and planted his discovery stake, and there made a cut, shaft, or other opening, on which to found his own location. That is the question in issue between the parties, and you should decide it on the evidence.

4. These things being found for the plaintiff, a fourth question for your consideration is whether Carroll, after discovering the lode, abandoned it. To perfect their location it was incumbent on the plaintiff and Carroll, as the locators of the claim, to sink a discovery shaft within 60 days after the date of location, and to do the other things required by statute within 90 days from that date. Failing in that, they would have no right whatever to the territory in controversy. And although Carroll may have intended to do the necessary work, and to perfect the location within the time limited by statute, at the time he set up his stake, if he afterwards abandoned that intention the plaintiff cannot recover. It should appear to you, from the evidence, that the plaintiff and Carroll, at the time the Hawk location was made, and continuously thereafter, held and maintained the purpose and intention to complete the location, and that they were prevented from doing so by the act of Boaro and Hull in taking possession of the place in controversy, and excluding Carroll and the plaintiff therefrom. If, by the use of reasonable diligence, the plain-

tiff and Carroll could have obtained possession for the purpose of doing the necessary work, it was their duty to use such diligence. If, by demand on Boaro and Hull, they could have obtained such possession, it was their duty to make such demand. But they were not bound to attempt to do the work at any other place than that which had been selected by Carroll, nor were they bound to use force to gain possession, or even to bring an action therefor. If they were excluded by Boaro and Hull from the possession of the very place selected by Carroll for his discovery cut or shaft, with intent on the part of the latter to hold the ground against them, it is enough on this point.

5. These several questions must be found for plaintiff, by preponderance of testimony, to support a verdict in his favor; for if, after one has discovered a lode, and set up a notice of his claim to it, and within the time fixed by law for doing the work necessary to a valid location, another comes to the same place and takes possession thereof, to the exclusion of the first, he shall not have advantage of his own wrong; nor shall the subsequent locator in such case be permitted to allege anything against the right of the first locator. To permit the junior locator to deny the right of the other, under such circumstances, would be to deny him all remedy, which cannot be allowed. And, therefore, if the facts mentioned are established by the evidence, the regularity and validity of plaintiff's location shall be assumed. And if, upon the evidence, you affirm the foregoing propositions for the plaintiff, your verdict should be for him. If you deny any or all of them, you should find for defendants.